FILED

FEB 15 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50088 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-04598-MMA-1 Southern District of California, San Diego |
| v. | |
| FREDERICO ARMENGOR MORENO-LOPEZ, | ORDER |
| Defendant - Appellant. | |

Before: REINHARDT, WARDLAW, and PAEZ, Circuit Judges.

The memorandum disposition filed on January 22, 2013 is hereby AMENDED. The clerk shall file the attached amended memorandum disposition.

With these amendments, Judges Wardlaw and Paez have voted to deny the petition for panel rehearing, and Judge Reinhardt has voted to grant the petition.

The petition for panel rehearing is DENIED. The time to file any further petition for panel rehearing or rehearing en banc is extended to 14 days from the date of this order.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50088 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-04598-MMA-1 |
| v. | |
| FREDERICO ARMENGOR MORENO-LOPEZ, | AMENDED MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted January 10, 2013
Pasadena, California

Before: REINHARDT, WARDLAW, and PAEZ, Circuit Judges.

Federico Armengor Moreno-Lopez[1] appeals his jury conviction for being a

previously deported alien found in the United States, in violation of 8 U.S.C. §

1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[1] It appears that Moreno's first name is misspelled in the caption.

Even assuming that the prosecutor misstated the evidence in his closing argument, we cannot say it is more probable than not that those misstatements materially affected the fairness of the trial. *See United States v. Hermanek*, 289 F.3d 1076, 1102 (2002). Agent Garcia testified that border patrol agents located footprints near the border, a border patrol camera surveillance team observed Moreno in an area one mile north of the border, and Agent Garcia had to search for Moreno within that area in order to find him. Thus, there was ample evidence that Moreno was not under constant surveillance from the moment he crossed the border. In light of the evidence and the minor nature of the prosecutor's misstatements, any error was not "so gross as probably to prejudice the defendant." *United States v. Parker*, 549 F.2d 1217, 1222 (9th Cir. 1977).

Moreover, the jury was twice instructed that the attorneys' statements and arguments were not evidence. Since any misstatement of the evidence was minor, this repeated, generalized instruction was sufficient to neutralize the error. *See United States v. Necoechea*, 986 F.2d 1273, 1280 (9th Cir. 1993) ("Since the vouching during opening statement was mild, this general instruction was sufficient to cure the error.").

Therefore, Moreno's conviction is **AFFIRMED**.